[623 NYS2d 615]

In the Matter of PAUL D. JAFFE (Admitted as PAUL DAVID JAFFE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 13, 1995

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Louis Gerstman,* Garden City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by the Appellate Division, First Judicial Department, on December 22, 1964, under the name Paul David Jaffe.

In this proceeding, the respondent was charged with five allegations of professional misconduct. The Special Referee sustained all five charges. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the report and for various other relief.

Charge One alleged that the respondent has been guilty of overreaching, engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and/or conduct which adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3). In or about April 1977, Frank Marshall negotiated to purchase an automobile parts business. The contract to purchase the business included a provision whereby Marshall's wife, Helen, gave mortgages on property located in Nassau County and in Brooklyn, each in the face amount of $53,000, to secure the repayment of promissory notes to the seller, Colvin Motors Parts, Inc. (hereinafter Colvin Motors). In or about 1977, the respondent was retained by Frank and Helen Marshall regarding various claims they had against Colvin Motors and individual shareholders. The respondent represented the Marshalls in those claims and in ancillary matters.

In or about May 1983, Mr. Marshall changed the beneficiaries of his life insurance policy to Helen Marshall, his wife, and to the respondent's law firm "for legal fees of $43,000 or such larger or lesser sum as may be due and owing upon the death of the insured, as the respective interests of the named beneficiaries may appear". Some time prior to October 1983, the debt owed to Colvin Motors was paid or was deemed to have been paid in full. Mrs. Marshall was entitled to receive satisfaction pieces for the mortgages given to Colvin Motors.

By assignments dated October 27, 1983, Colvin Motors assigned the two mortgages, each in the amount of $53,000, to the respondent's law firm to secure the payment of legal fees due and to become due from Helen Marshall. In this manner, the respondent obtained security for both earned and prospective fees in an amount far in excess of the fees owed.

Charge Two alleged that the respondent has been guilty of

charging an excessive fee in violation of Code of Professional Responsibility DR 2-106 (A) (22 NYCRR 1200.11). Over the course of his representation of the Marshalls, the respondent applied a service charge or interest to the unpaid balance of the legal fees owed. The respondent failed to seek and/or secure his clients' permission prior to the imposition of such interest or service charges.

Charge Three alleged that the respondent has been guilty of bringing an action to collect an excessive fee by seeking recovery for interest and/or service charges in violation of Code of Professional Responsibility DR 2-106 (A) (22 NYCRR 1200.11). In or about the fall of 1992, Helen Marshall entered into a contract to sell the Nassau County property. In order to discharge the mortgage on this property which had been assigned to the respondent's law firm in October 1983, Mrs. Marshall brought an application in the Nassau County Supreme Court. The respondent submitted an answer in this proceeding and counterclaimed against Mrs. Marshall for the amount of legal fees and "service charges" up to and including March 1, 1992, in the amount of $92,446.23.

Charge Four alleged that the respondent has been guilty of asserting a position or taking other action when he knew or when it was obvious that such action would serve merely to harass another, and of conduct adversely reflecting on his fitness to practice law in violation of Code of Professional Responsibility DR 7-102 (A) (1) (22 NYCRR 1200.33) and DR 1-102 (A) (8) (22 NYCRR 1200.3). By order dated September 10, 1992, the mortgage made by Helen Marshall to Colvin Motors on the Nassau County property and assigned to the respondent's law firm was cancelled and discharged of record. By terms of the aforesaid order, the legal fee owed by Mrs. Marshall to the respondent was to be set down for a hearing. Pending such hearing and determination of the respondent's fee, Edward H. Honig, Esq., was to hold $45,000 in escrow from the sale of the Nassau County property.

On or about October 26, 1992, the counterclaim brought by the respondent against Mrs. Marshall was settled for $45,000 in a stipulation on the record before the Honorable Joseph Goldstein. By December 1992, the respondent had received the full amount of the settlement. By letters dated July 27, 1993, and August 27, 1993, written directly to Mrs. Marshall, the respondent attempted to collect fees purportedly due him individually in 1992. By letter dated October 8, 1993, Laurence S. Jurman, Esq., requested that the respondent refrain

from harassing Mrs. Marshall. Despite the aforesaid letter, the respondent continued to send billing statements directly to Mrs. Marshall.

Charge Five alleged that the respondent has been guilty of communicating with an adverse party (as set out in Charge Four) he knew or should have known was represented by counsel without consent in violation of Code of Professional Responsibility DR 7-104 (A) (1) (22 NYCRR 1200.35).

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained all five charges. The respondent is guilty of the professional misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied in its entirety, including his request to reopen the hearing for the purposes of offering into evidence an additional respondent's exhibit.

In determining an appropriate measure of discipline to be imposed, we have considered that all five charges emanate from the respondent's representation of one client. While the respondent accepted excess security for fees and charged interest without prior consent from the client, he did not ever seek to enforce the security. Moreover, the stipulation of settlement for his fees did not include the interest. Furthermore, the respondent represented his client in various matters against Colvin Motors over the course of approximately 15 years. His adversary in those proceedings submitted an affidavit commending the respondent's performance. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, SULLIVAN, ROSENBLATT and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied in its entirety; and it is further,

Ordered that the respondent, Paul D. Jaffe, is censured for his professional misconduct.